Inguanzo v. Housing & Services, Incorporated et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
<u>Circuit Judges</u>.
GEOFFREY W. CRAWFORD,[*]
<u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

MARIAN INGUANZO,
<u>Plaintiff-Appellant</u>,

-v.-                                          14-3914

HOUSING & SERVICES, INCORPORATED et al.,
<u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

**FOR APPELLANT:**    MICHAEL H. ZHU, MICHAEL H. ZHU P.C., New York, New York.

**FOR APPELLEES:**    RHONDA LISA EPSTEIN, HOEY, KING, EPSTEIN, PREZIOSO & MARQUEZ, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Marian Inguanzo appeals from the judgment of the United States District Court for the Southern District of New York (Ramos, <u>J.</u>), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." <u>Allianz Ins. Co. v. Lerner</u>, 416 F.3d 109, 113 (2d Cir. 2005).

**1.** Inguanzo challenges the dismissal of her Title VII failure to promote claims. However, with respect to the Scatter Site position, applicants were contractually required to have a license of social work ("LMSW"), which Inguanzo did not possess; so she was unqualified for the position. J.A. 130-31. As for the Narragansett position, Inguanzo concedes that her claim as to this position is time-barred. Summary judgment was therefore proper on these claims.

**2.** Inguanzo contends that a genuine issue of material fact remains on her Title VII claim alleging denial of training opportunities. A plaintiff "sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." <u>Galabya v. N.Y. City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). As the district court found, Inguanzo identified no negative consequence stemming from the alleged denial of training.

**3.** With respect to Inguanzo's claim that her termination was motivated by discrimination, she has failed to adduce sufficient evidence to sustain her burden. Because her employer provided alleged non-discriminatory reasons for her termination, the initial presumption in Inguanzo's favor established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) "completely drops out of the picture." <u>James v. N.Y. Racing Ass'n</u>, 233 F.3d 149, 154 (2d Cir. 2000) (internal quotation marks omitted). Inguanzo was therefore required to adduce sufficient evidence to sustain a reasonable finding that her termination was attributable to discrimination. This she has failed to do.

Inguanzo's discrimination termination claim depended upon three comments, only two of which had record support. Inguanzo cites a statement by her former supervisor, Reardon, to the effect that promotion decisions were influenced by racial considerations; but Inguanzo adduced no evidence that Reardon had personal knowledge of promotion decisions. Accordingly, the remark she attributed to Reardon was the kind of "stray remark" that is insufficient to show discriminatory intent. <u>See</u> <u>Danzer v. Norden Sys's, Inc.</u>, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks . . . *without more*, cannot get a discrimination suit to a jury."). The remark attributed to Kimmerle does not on its face indicate a racially discriminatory attitude. As for the statement attributed to Horton, the discriminatory phrase "women's work" appears to have been Inguanzo's characterization, rather than something spoken by Horton.

Inguanzo's sex discrimination claim is further undermined by the fact that she was hired and fired by the same person. <u>See</u> <u>Carlton v. Mystic Transp., Inc.</u>, 202 F.3d 129, 137 (2d Cir. 2000) ("When the same actor hires a person already within the protected class, and then later fires that same person, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.") (internal quotation marks omitted). Inguanzo's replacement by another Hispanic woman further undermines her race and gender discrimination claims.

Inguanzo's employer has adduced legitimate, non-discriminatory reasons for the adverse employment decision, including Inguanzo's continued lateness in submitting work product; Inguanzo failed to adduce sufficient evidence that the employer's justification was a pretext for discrimination.

**4.** Inguanzo challenges the entry of summary judgment on her retaliation claim. A viable retaliation claim "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Texas S.W. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2533 (2013). Although "temporal proximity can demonstrate a causal nexus," causality is lacking when "adverse employment actions were both part, and the ultimate product, of an extensive period of progressive discipline [beginning prior to the complaint] . . . ." Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001) (internal quotation marks omitted). As in Slattery, the record in this case reflects that before Inguanzo complained of discrimination, she had received a stream of disciplinary warnings regarding her lateness in filing records. J.A. 197–223; see also J.A. 142 ("The discussion of the situation that happened, the late care plans, her not turning them in on time, repeat issues, insubordination, assigning her supervisor her work. A lot of different things transpired, including her supervisor asking her to put the correct dates on the service plan and she refused to do so."). The district court correctly granted summary judgment on Inguanzo's retaliation claim.

For the foregoing reasons, and finding no merit in Inguanzo's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK